UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

ORLANDO AUPONT,

                                    Plaintiff,        COMPLAINT

            -against-                             21 CV 11

CITI HEALTH HOME CARE SERVICES, INC.;
PROGRESSIVE COMMUNITY ADULT DAYCARE
SERVICES INC.; FANELL ALERTE; ALEXANDER    **JURY TRIAL DEMANDED**
ALERTE; and MARTINE DUROSEAU,

                                  Defendants.
---------------------------------------------------------------------------x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising, *inter alia*, out of the violation of Fair Labor Standards Act and New York Labor Law for Defendants' (1) failure to pay Plaintiff Orlando Aupont minimum wages; (2) failure to pay Mr. Aupont overtime wages, and (3) failure to pay Mr. Aupont wages due.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Aupont's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Mr. Aupont demands a trial by jury in this action.

## PARTIES

6. Mr. Aupont is a resident of the County of Kings, State of New York.

7. Upon information and belief, Defendant Citi Health Home Care Services, Inc. (hereinafter, "Citi") is a domestic business corporation organized and existing under the laws of the State of New York.

8. Upon information and believe, Defendant Citi has a principal office located in the County of Kings, State of New York.

9. Upon information and believe, Defendant Progressive Community Adult Daycare Services Inc. (hereinafter, "Progressive") is a domestic business corporation organized and existing under the laws of the State of New York.

10. Upon information and believe, Defendant Progressive has a principal office located in the County of Kings, State of New York.

11. Upon information and believe, Defendant Fanell Alerte is an owner/shareholder and chief executive officer of both Defendants Citi and Progressive.

12. Upon information and belief, Defendant Fanell Alerte possessed operational control over Defendants Citi and Progressive, and controlled significant functions of the businesses.

13. Upon information and believe, Defendant Alexander Alerte is an owner, manager, and/or shareholder of both Defendants Citi and Progressive.

14. Upon information and belief, Defendant Alexander Alerte possessed operational control over Defendants Citi and Progressive, and controlled significant functions of the businesses.

15. Upon information and believe, Defendant Martine Duroseau is an owner and chief financial officer of both Defendants Citi and Progressive.

16. Upon information and belief, Defendant Martine Duroseau possessed operational control over Defendants Citi and Progressive, and controlled significant functions of the businesses.

## STATEMENT OF FACTS

17. Mr. Aupont began working for Citi in September 2010 doing marketing. It was agreed between Mr. Aupont and the Defendants that Mr. Aupont would work 40 hours per week and would be paid $400.00 per week for said hours.

18. Upon commencing work for Defendants, Mr. Aupont was required to work ten hours per day, six days per week.

19. Mr. Aupont was provided no overtime compensation from September 2010 to 2013.

20. From 2013 through 2014, Mr. Aupont was directed by the individual defendants to work ten additional hours a week at Progressive teaching English, acting as a driver, and helping with exercises. Mr. Aupont continued to be paid only $400.00 per week for his work at Citi and Progressive.

21. Mr. Aupont was provided no overtime compensation from 2013 through 2014.

22. During 2015, Mr. Aupont and Defendants agreed that Mr. Aupont would be paid at a rate of $850 per week for 40 hours of work each week.

23. Mr. Aupont was then required by Defendants to work 48 hours per week at Citi doing marketing and human resources-related work. He was also required to work at Progressive for an additional 10 hours per week teaching English, acting as a driver, and helping with exercises.

24. In this position, Mr. Aupont did not have the power to hire or fire employees, nor were his suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees given any weight.

25. Mr. Aupont was provided with no overtime compensation during 2015.

26. From 2016 through 2019, Mr. Aupont and Defendants agreed that Mr. Aupont would be paid at a rate of $1,000.00 per week for 40 hours of work each week.

27. Mr. Aupont was then required by Defendants to work 24 hours per week at Citi doing marketing and human resources-related work. He was also required to work at Progressive for an additional 35 hours per week as the Director of Progressive.

28. Mr. Aupont worked under the direction and management of Defendant Duroseau, who was the decisionmaker for Progressive and Citi. Defendant Duroseau made all decisions to discipline, hire, fire, advance, and promote employees, and did not give any weight to Mr. Aupont's suggestions and recommendations as to these actions; how to comply with business-related regulations; budgeting; planning employees' work and the manner in which they did the work; what policies to set and enforce at both businesses; and all other functions commonly associated with managing a business.

29. Mr. Aupont was directed that, as Director of Progressive, he would do nothing more than act as Defendant Duroseau's messenger, delivering Duroseau's decisions and policies to the employees. Mr. Aupont was not allowed to independently make decisions or to act on them.

30. In fact, it was the fact that Mr. Aupont had no power to act independently that caused conflict between Mr. Aupont and Duroseau, and led to Mr. Aupont's termination in September 2019.

### FIRST CAUSE OF ACTION
*Minimum Wage Under The FLSA*

31. Mr. Aupont repeats and re-alleges each and every allegation as if fully set forth herein.

32. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Mr. Aupont for some or all of the hours he worked.

33. 29 U.S.C. § 216(b) provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

34. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Mr. Aupont at the statutory minimum wage when Defendants knew or should have known such was due and that failing to do so would financially injure Mr. Aupont.

## SECOND CAUSE OF ACTION
*Minimum Wage Under The NYLL*

35. Mr. Aupont repeats and re-alleges each and every allegation as if fully set forth herein.

36. At all relevant times, Mr. Aupont was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

37. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Mr. Aupont for some or all of the hours they worked.

38. Defendants knowingly and willfully violated Mr. Aupont's rights by failing to pay him minimum wages in the lawful amount for hours worked.

39. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, and §§ 650 *et seq.*; liquidated damages equal to one hundred percent (100%) after April 9, 2011, under the New York Wage Theft Prevention Act; and interest.

## THIRD CAUSE OF ACTION
*Overtime Wages under the FLSA*

40. Mr. Aupont repeats and re-alleges each and every allegation as if fully set forth herein.

41. Pursuant to 29 USC § 207(a), no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater.

42. 29 USC § 216(b) provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.

43. Defendants' failure to pay Mr. Aupont his overtime pay violated the FLSA.

44. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time-and-a-half to Mr. Aupont for all hours worked in excess of forty (40) hours per workweek, which violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

46. Defendants willfully failed to notify Mr. Aupont of the requirements of the employment laws in order to facilitate their exploitation of Mr. Aupont's labor.

47. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Mr. Aupont the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Mr. Aupont.

**FOURTH CAUSE OF ACTION**
*Overtime Wages Under The NYLL*

48. Mr. Aupont repeats and re-alleges each and every allegation as if fully set forth herein.

49. An employer who fails to pay overtime wages shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011; one hundred percent (100%) under NY Wage Theft Prevention Act; and interest.

50. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Mr. Aupont at one and one half times the hourly rate Mr. Aupont is entitled to.

51. Defendants' failure to pay Mr. Aupont's overtime pay violated the NYLL and was knowingly and willfully done.

52. Defendants' failure to pay Mr. Aupont was not in good faith.

### FIFTH CAUSE OF ACTION
*Violation of NYLL's Time of Hire Wage Notice*

53. Mr. Aupont repeats and re-alleges each and every allegation as if fully set forth herein.

54. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. NYLL § 195(1)(a).

55. Defendants intentionally failed to provide notice to Mr. Aupont in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his/her first day of employment.

56. Defendants not only did not provide notice to Mr. Aupont at the time of hire, but failed to provide notice to Mr. Aupont even after the fact.

57. Due to Defendants' violations of the NYLL, Mr. Aupont is entitled to recover from Defendants, jointly and severally, Fifty Dollars ($50.00) for each workday that the violation occurred or continued to occur, up to Five Thousand Dollars ($5,000.00), together with costs and attorneys' fees pursuant to NYLL.

### SIXTH CAUSE OF ACTION
*Violation of NYLL's Pay Stub Requirement*

58. Mr. Aupont repeats and re-alleges each and every allegation as if fully set forth herein.

59. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195(3).

60. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Mr. Aupont, and did not provide full and accurate paystub on or after each of Mr. Aupont's paydays.

61. Due to Defendants' violations of New York Labor Law, Mr. Aupont is entitled to recover from Defendants, jointly and severally, Two Hundred Fifty Dollars ($250.00) for each workday of the violation, up to Five Thousand Dollars ($5,000.00), together with costs and attorneys' fees pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Aupont requests judgment against Defendants as follows:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b. A declaratory judgment that Defendants' violation of the provisions of the FLSA has been willful as to Plaintiff Orlando Aupont;

c. A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

d. A declaratory judgment that Defendants' violation of the provisions of the NYLL has been willful as to Plaintiff Orlando Aupont;

e. An injunction against Defendants; Defendants' officers, agents, successors, employees, representatives; and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f. Pursuant to 29 U.S.C. § 216(b), damages for the amount of unpaid minimum wages, plus liquidated damages;

g. Pursuant to NYLL §§ 198(1-a), 198(3), & 663(1), damages for the amount of unpaid minimum wages, plus liquidated damages;

h. Pursuant to 29 U.S.C. § 216(b), damages for the amount of unpaid overtime wages, plus liquidate damages;

i. Pursuant to NYLL §§ 198(1-a), 198(3), and 663(1), damages for the amount of unpaid overtime wages, plus liquidated damages;

j. Damages pursuant to NYLL § 195(1)(a);

k.      Damages pursuant to NYLL § 195(3);

l.      Awarding Plaintiff Orlando Aupont pre-judgment and post-judgment interest as applicable;

m.      Awarding Plaintiff Orlando Aupont the expenses incurred in this action, including costs and attorneys' fees;

n.      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

o.      Such other and further relief as the Court deems just and necessary.

Dated: New York, New York
January 4, 2021

/s/
Gregory P. Mouton, Jr., Esq.
Law Office of Gregory P. Mouton, Jr., LLC
*Attorneys for Plaintiff Orlando Aupont*
1441 Broadway, 6th Floor
New York, NY  10018
Phone & Fax: (646) 706-7481
gmouton@moutonlawnyc.com

21 CV 11

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ORLANDO AUPONT,

Plaintiff,

-against-

CITI HEALTH HOME CARE SERVICES, INC.; PROGRESSIVE COMMUNITY ADULT DAYCARE SERVICES INC.; FANELL ALERTE; ALEXANDER ALERTE; and MARTINE DUROSEAU,

Defendants.

---

COMPLAINT

---

LAW OFFICE OF GREGORY P. MOUTON, JR., LLC

1441 Broadway, 6th Floor
New York, NY  10018
Phone & Fax: (646) 706-7481