# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is made and entered into by and between Orlando Aupont, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter collectively referred to as, the "Plaintiff"), on the one hand, and Citi Health Home Care Services, Inc. ("Citi Health"), Progressive Community Adult Daycare Services Inc. ("Progressive"), Fanell Alerte, Alexander Alerte, and Martine Duroseau (collectively, the "Defendants") on the other hand. Plaintiff and Defendants hereinafter referred to as the "Parties."

**WHEREAS**, on or about January 4, 2021, Plaintiff commenced an action against the Defendants in the United States District Court for the Eastern District of New York, Civil Action Case No. 21-CV-00011 (KAM)(RER), alleging, *among other things*, that the Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay Plaintiff overtime and minimum wage, failing to provide an accurate wage notice form, and failing to provide accurate pay stubs (the "Complaint" or the "Action");

**WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiff and a Court has not made any findings with respect to the merits of Plaintiff's claims or his collective action allegations;

**WHEREAS**, the Parties have determined it to be in their mutual interests to settle and terminate the Action, without incurring the further burden, risk, and expense of continued litigation, subject to the terms and conditions set forth herein;

**WHEREAS**, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Consideration.** In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's release of claims as set forth in Paragraph 3 below, and in full and final settlement of all of Plaintiff's claims against Defendants in the Action, Defendants will provide Plaintiff with a payment of One Hundred and Thirty-Five Thousand Dollars and Zero Cents ($135,000.00) (the "Settlement Payment").

(a) **Settlement Payment**.

i. Within thirty (30) days of judicial dismissal of the Action with prejudice pursuant to Paragraph 6 of this Agreement, Defendants shall issue a check, made payable to "Orlando Aupont," in the amount of $43,625.30, less applicable taxes, deductions and withholdings, representing payment for wages, for which Defendants will issue Plaintiff an IRS Form W-2.

ii. Within thirty (30) days of judicial dismissal of the Action with prejudice pursuant to Paragraph 6 of this Agreement, Defendants shall issue a check, made payable to

1

"Orlando Aupont," in the amount of $43,625.30, from which no taxes or deductions will be withheld, representing payment for liquidated damages, penalties and prejudgment interest, for which Defendants will issue Plaintiff an IRS Form 1099-Misc.;

   iii. Within thirty (30) days of judicial dismissal of the Action with prejudice pursuant to Paragraph 6 of this Agreement, Defendants shall issue a check, made payable to the "Law Office of Gregory P. Mouton, Jr., LLC," in the amount of $47,749.40, from which no taxes or deductions will be withheld, representing payment for $45,000.00 in attorneys' fees, and $2,749.40 in costs and expenses, for which Defendants shall issue an IRS Form 1099-Misc. to the Law Office of Gregory P. Mouton, Jr., LLC (for the entire amount of $47,749.40), and to the Plaintiff.

   (b) **Execution of Agreement and Stipulation and Order of Dismissal**.

  Pursuant to Paragraph 6 below, upon execution of this Agreement, the Parties agree to immediately execute the "Stipulation and Order of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with a Motion for Approval of the Settlement Agreement.

   (c) **Delivery of Settlement Payments to Plaintiff and His Counsel.**

  The first and only payment will be delivered within thirty (30) days after the latter of: judicial dismissal of the Action with prejudice (pursuant to Paragraph 6 of this Agreement); receipt by Defendants of a completed W-9 Form from the Law Office of Gregory P. Mouton, Jr., LLC and completed W-4 and W-9 Forms from Plaintiff; and the affidavit of destruction of records referenced in Paragraph 10 of this Agreement. The payment set forth above shall be delivered to Plaintiff's counsel, the Law Office of Gregory P. Mouton, Jr., LLC, 10 Times Square, 6th Floor, New York, NY 10018

  **2.** **Full Payment for Wage and Hour Claims.** Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel for his wage and hour claims. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating in any way to his relationship with Defendants, including any claims for wages or overtime pay under state and federal law or common law. Plaintiff agrees that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

  **3.** **Release of Claims.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of himself and, if any, his spouse, fiancé, domestic partner, children, agents, assignees, heirs, executors, beneficiaries, legal representatives and assigns, hereby waives, discharges and releases, Defendants Citi Health, Progressive, Fanell Alerte, Alexander Alerte, and Martine Duroseau and their current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related entities and its or their respective predecessors, successors, employee benefit plans, and present and former directors, officers, partners, investors, shareholders, fiduciaries, insurers, owners, employees, representatives, agents and attorneys, in their individual and representative capacities, and their

immediate family, heirs, beneficiaries, assigns, and present and/or fiduciaries, representatives, agents and attorneys (collectively, the "Released Parties" or "Releasees") from any and all actions, causes of action, obligations, liabilities, claims and demands which were asserted, or which could have been asserted, in the Action, under the Fair Labor Standards Act, the New York State Labor Law and/or any federal, state or local wage statute, code, or ordinance, which are related to any alleged unpaid or underpaid wages or overtime, or other unpaid or underpaid wages or compensation (including any claims for breach of contract seeking lost or unpaid wages), including reimbursement for expenses, and any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, and liquidated damages, whether known or unknown, contingent or otherwise, and whether specifically mentioned in this Agreement or not, regardless of when they accrued until the date Plaintiff signs this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, pay frequency, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's alleged employment with Defendants and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action.  Plaintiff agrees that he hereby waives any right that he may have to seek or to share in any relief, monetary or otherwise, relating to any claim released herein, whether such claim was initiated by him or not.

4. **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement.  If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims. Except to enforce the terms of this Agreement, Plaintiff shall not institute, be represented in, participate in, or permit to be submitted or filed on Plaintiff's behalf any claim whatsoever, whether in an individual, class, or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants concerning claims that Plaintiff has, had, or may have against Defendants under the FLSA, NYLL, and NYCRR. In the event any class or collective action that is brought against Defendants includes or may include Plaintiff, he immediately shall withdraw therefrom without obtaining or accepting any relief or recovery upon learning of Plaintiff's inclusion or will be in breach hereof.

5. **Claims Excluded from the Agreement**: Plaintiff's release of claims set forth in Paragraph 3 of this Agreement shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law.

6. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

The Parties intend for Plaintiff to waive any and all claims related to his wages or compensation he may have against the Defendants, including claims under the FLSA, and

3

therefore desire that this Agreement be approved by the United States District Court. Accordingly, Plaintiff agrees to draft a Joint Motion for Approval of the Settlement Agreement after full execution of this Agreement for review and approval by Defendants before filing it with the Court.

Upon execution of this Agreement, the Parties agree to immediately execute the "Stipulation and Order for Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement.

Court approval of the Settlement Agreement and "Stipulation and Order for Dismissal with Prejudice" in the form that it is executed in as **Exhibit A**, as well as dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Stipulation and Order for Dismissal with Prejudice in the form that it is executed in as **Exhibit A** renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

7. **Taxes and Withholdings**: Defendants make no representations regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1. Plaintiff acknowledges that he has been advised to seek independent legal advice regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1 and has not relied upon any representation of Defendants on that subject. Plaintiff understands and agrees that he shall be solely and exclusively responsible for the payment of any and all federal, state and/or local taxes, including any interest and/or penalties assessed thereon, associated with the payments referenced in Paragraph 1 (or any portion thereof), except for the employer's portion of any employer paid tax associated with such payments, including the employer's share of Social Security or Medicare tax. Plaintiff hereby agrees to indemnify and hold harmless the Defendants against any tax, interest, or penalties, or any fees, costs, attorneys' fees, or damages, arising from any demand, order, or claim by any taxing authority to pay any tax, interest, or penalty on or with respect to the payments referenced in Paragraph 1 or any portion thereof), except for the employer's portion of any employer paid tax associated with such payments, including the employer's share of Social Security or Medicare tax.

8. **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of his FLSA and NYLL claims and that the amount being paid to Plaintiff, as set forth herein, is a fair and reasonable resolution to this *bona fide* dispute.

9. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's alleged employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **Destruction of Business Records:** Plaintiff agrees to destroy any originals and copies of documents bearing Bates numbers P 47; P 69; P 72; P 73; P 77; P 83-94; P 97-105; P

108; P 119-20; P 124; P 150-51; P 157; P 159-62; P 166; P 169-73; P 178-211; P 213-216; P 256; P 277-80; P 283-84; P 288-292; P 295-98; P 307-308; P 310-311; P 313-323; P 325-330; P 332-335; P 336-352; P 358-60; P 363-67; P 370-73; P 376; P 381; P 385-86; P 389; P 393-441; P 450-60; P 462-76; P 531-32; P 533-34; P 543; P 545; P 547; P 549-84; P 586; and P 593-721, except that Plaintiff's counsel shall be permitted to retain his working files on the condition that such files will remain confidential and undisclosed in any manner aside from litigation, ethics investigations, or other matters in which Plaintiff's counsel's office must defend itself. Plaintiff further agrees to provide an affidavit, prepared by Defendants, attesting to such destruction upon execution of the Settlement Agreement.

11. **No Future Employment/Association with Defendants:** Plaintiff agrees that he will not at any time in the future knowingly seek employment with the Releasees or provide services to the Releasees as an independent contractor or otherwise, and hereby waives any right that may accrue to him from any application for employment that he may make (whether knowingly or unknowingly), or any employment that he may receive or any services he wants to provide but are rejected by Releasees.

12. **Changes to the Agreement**: No modifications or amendments to, or waiver or termination of, any terms, conditions or provisions of this Agreement may be made or enforced unless in writing and signed by the party (or authorized representative of such party) against whom the enforcement of such modification, amendment, waiver, or termination is sought.

13. **No Other Complaints or Charges**: Plaintiff hereby represents that other than the Action, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving released claims against any of the Releasees. Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to his alleged employment with Defendants.

14. **Severability**: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

15. **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

16. **Jurisdiction**: The Parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.

17. **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

18. **Voluntary Agreement**: Plaintiff represents and agrees that:

      (a) he is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him;

      (b) he has signed this Agreement freely and voluntarily and without duress;

      (c) no promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement; and

      (d) he was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

      19.    **Full and Complete Agreement**:  This Agreement constitutes the full, complete, and entire agreement between the Parties regarding the subject matter hereof, i.e., wage and hour claims and fully supersedes any and all prior agreements, negotiations, promises and understandings between the parties hereto.

      20.    **Waiver**:  No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

      21.    **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

      22.    **Counterparts**:  This Agreement may be signed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which together shall constitute one and the same document.  An original or copy of a party's signature on this Agreement shall be acceptable in any proceeding against that party to enforce this Agreement.  This Agreement may be delivered by facsimile or electronic mail (pdf), which shall be as effective as an original document.

      23.    **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

      24.    **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiff's Counsel, respectively, as follows:

<u>Defendants' Counsel</u>:
Lisa M. Griffith, Esq.
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747

(631) 247-4700
LGriffith@littler.com

<u>Plaintiff's Counsel:</u>
Gregory P. Mouton, Jr., Esq.
Law Office of Gregory P. Mouton, Jr., LLC
10 Times Square, 6th Floor
New York, NY  10018
gmouton@moutonlawnyc.com

Either Party may give notice of change of address in writing as set forth in this Paragraph.  If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

**25.**     **<u>Authority to Execute Agreement</u>**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties have caused this Agreement to be duly executed on the date below noted.

**<u>PLAINTIFF</u>**

**ORLANDO AUPONT**

_____

Dated:_____

**<u>DEFENDANTS</u>**

**CITI HEALTH HOME CARE SERVICES, INC.**

By:_____

Dated: _____

**PROGRESSIVE COMMUNITY ADULT DAYCARE SERVICES INC.**

By: _____

Dated: _____

**FANELL ALERTE**

_____

Dated: _____

**ALEXANDER ALERTE**

_____

Dated: _____

**MARTINE DUROSEAU**

_____

Dated: _____

9

# **EXHIBIT A**

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORLANDO AUPONT,<br><br>Plaintiff,<br><br>-against-<br><br>CITI HEALTH HOME CARE SERVICES, INC.; PROGRESSIVE COMMUNITY ADULT DAYCARE SERVICES INC.; FANELL ALERTE; ALEXANDER ALERTE; and MARTINE DUROSEAU<br><br>Defendants. | Case No. 21-CV-00011 (KAM)(RER) |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the Court, that:

(a)   the Parties' settlement of claims under the Fair Labor Standards Act is fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

(b)   the above-captioned action and all causes of action that were asserted therein or released pursuant to the parties' settlement agreement, including any and all claims under the Fair Labor Standards Act, are dismissed *with prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party, except as provided for in the parties' settlement agreement or otherwise agreed to between the parties; and

(c)   the Court shall retain jurisdiction of this matter for the sole purposes of enforcing the parties' settlement.

| | |
|---|---|
| **LAW OFFICE OF GREGORY P. MOUTON, JR., LLC** | **LITTLER MENDELSON, P.C.** |
| By: _____ | By: _____ |
| Gregory Paul Mouton Jr. | Lisa M. Griffith |
| 10 Times Square, 6th Floor | 290 Broadhollow Road, Suite 305 |
| New York, NY 10018 | Melville, New York 11747 |
| (646) 706-7481 | (631) 247-4700 |
| gmouton@moutonlawnyc.com | lgriffith@littler.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| Dated: January \_\_\_, 2023 | Dated: January \_\_\_, 2023 |

**SO ORDERED:**

_____
U.S. District Court Judge

_____
Dated